NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1993-24

ANGELA GRAY,

      Plaintiff-Appellant,

v.

UNIVERSITY HOSPITAL,

      Defendant-Respondent.

_____

> **APPROVED FOR PUBLICATION**
>
> **August 7, 2026**
>
> **APPELLATE DIVISION**

Argued May 14, 2026 – Decided August 7, 2026

Before Judges Marcyk, Bishop-Thompson and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-3860-23.

Mark Mulick (Mark Mulick, PA) argued the cause for appellant.

Andrew D. La Fiura argued the cause for respondent (Jackson Lewis PC, attorneys; Andrew D. La Fiura, on the brief).

The opinion of the court was delivered by

BISHOP-THOMPSON, J.A.D.

In this employment matter, plaintiff Angela Gray appeals from the November 22, 2024 order granting defendant University Hospital's motion to dismiss her complaint with prejudice. We affirm.

The central issue is whether N.J.S.A. 2A:23B-12 requires a party-appointed arbitrator to disclose prior employment of over twenty years as corporate counsel for a former client, who is not involved in this litigation, and whether this circumstance creates a conflict of interest. We conclude a party-appointed arbitrator has no duty to disclose prior employment of over twenty years as corporate counsel for a former client, nor a prior professional relationship with a plaintiff's counsel during a limited portion of that time, because such remote relationships do not constitute a conflict of interest. Furthermore, plaintiff's counsel's failure to comply with the applicable American Arbitration Association (AAA) rules amounts to a waiver of any objection to the appointment of the arbitrator.

I.

In 2017, plaintiff was hired by Adecco Staffing, USA (Adecco), a temporary staffing agency. As part of the onboarding process, plaintiff received workplace harassment training, the Adecco employee handbook, and a "Commitment Sheet," which she signed. By signing the Commitment Sheet,

she acknowledged in paragraph (f) she was "an employee of Adecco and not an employee of any [c]lient of Adecco," would be paid by Adecco, and "w[ould] not be entitled to any benefits or compensation from any [c]lient benefit plan, policy, or program." Additionally, in paragraph (e), plaintiff confirmed she had viewed a workplace video and was subject to the rules, guidelines, and policies of Adecco as explained in the video.

Plaintiff also signed an "Employee Acknowledgement Confidentiality and Non-Disclosure Agreement," which reiterated she was an employee of Adecco. It explicitly stated: "Employee is seeking a temporary position with Adecco to accept assignments at Adecco's [c]lients."

After interviewing with defendant's director of finance and the department manager, plaintiff began a temporary assignment as an administrative assistant and credentialing specialist sometime in July 2017. Adecco managed her timekeeping and compensation.

On January 18, 2018, an anonymous letter alleged the director had engaged in inappropriate romantic relationships with two women in the finance department and showed favoritism toward them. This prompted an internal investigation, but the allegations were not substantiated.

3

On October 1, 2018, seven months after plaintiff's temporary assignment with defendant ended, she reported to defendant's chief financial officer she had heard "inappropriate[] noises, sexual in nature, coming from the staff room," although she did not know the individuals involved. Nevertheless, plaintiff complained about the director's perceived relationship with a female in the finance department. A second investigation was conducted, which also found plaintiff's complaint unsubstantiated. Defendant subsequently terminated the director.

In February 2020, plaintiff filed a complaint against defendant, alleging violations of the New Jersey Law Against Discrimination (NJLAD), N.J.S.A. 10:5-1 to -50. She claimed she was sexually harassed and retaliated against by the director during her temporary work assignment. Defendant filed an answer and asserted various defenses.

Although plaintiff and Adecco were parties to an arbitration agreement, she declined to consent to arbitration with the AAA. Defendant moved to dismiss her complaint and compel arbitration. Plaintiff opposed the motion but later withdrew her opposition during argument. Ultimately, in an October 8, 2021 order, the motion court dismissed her complaint with prejudice, and the parties submitted the matter to the AAA.

A-1993-24

Pursuant to the AAA rules, the parties selected a retired judge to serve as the arbitrator from the AAA employment dispute resolution roster.[1] On August 5, 2022, the arbitrator entered an order granting summary disposition in favor of defendant, dismissing plaintiff's retaliation claim. Following a three-day evidentiary hearing and post-hearing briefing, the arbitrator issued a Final Award and Decision (Final Award), dismissing plaintiff's arbitration claims on April 19, 2023.

Two days later, plaintiff's counsel emailed the AAA's manager of alternative dispute resolution services, seeking to vacate the Final Award and remove the arbitrator. Counsel disclosed he had represented another litigant

---

[1] Section 12, Number, Qualifications and Appointment of Neutral Arbitrators, reads in relevant part:

> c. If the parties have not appointed an arbitrator and have not provided any method of appointment, the arbitrator shall be appointed in the following manner:
>
> i. Shortly after it receives the [d]emand, the AAA shall send simultaneously to each party a letter containing an identical list of names of persons chosen from the [e]mployment [d]ispute [r]esolution [r]oster. The parties are encouraged to agree to an arbitrator from the submitted list and to advise the AAA of their agreement.

Am. Arb. Ass'n, <u>Employment Arbitration Rules and Mediation Procedures</u>, r. 12 (rev. Jan. 2016).

A-1993-24

against Chilton Memorial Hospital[2] in 2003 and obtained a jury award in 2005. He claimed in December 2022, after plaintiff finished testifying, the arbitrator mentioned, in a casual conversation, he had served as corporate counsel for Chilton for an extended period prior to his appointment to the bench in 2004. Plaintiff's counsel asserted the arbitrator's biography did not disclose this prior employment.[3] Had he been aware of this information, he would not have selected him as the arbitrator.

Defense counsel responded plaintiff waived any objection to the arbitrator under Rule 36 of the AAA's Employment Arbitration Rules[4] because

---

[2] Chilton, an acute-care non-profit hospital, is located in Pompton Plains and is now known as Atlantic Health Chilton Medical Center. Atl. Health, Chilton Med. Ctr., Locations https://www.atlantichealth.org/locations/chilton-medical-center (last visited July 27, 2026.)

[3] Plaintiff did not include the employment dispute roster or the arbitrator's resume provided by the AAA in the appendix on appeal. However, the arbitrator's firm resume downloaded by plaintiff's counsel from the firm website stated: "Served as corporate counsel to Chilton Memorial Hospital in Pompton Plains, NJ for over [twenty-five] years."

[4] Rule 36 Waiver of Objection/Lack of Compliance with These Rules provides: "Any party who proceeds with the arbitration after knowledge that any provision or requirement of these rules has not been complied with, and who fails to state objections thereto in writing or in a transcribed record, shall be deemed to have waived the right to object." Am. Arb. Ass'n, Employment Arbitration Rules and Mediation Procedures r. 36 (rev. Jan. 2016).

the objection was not raised until after the Final Award had been issued in defendant's favor. Furthermore, in late March 2023, when the AAA specifically asked both parties if they had any objection to the arbitrator, plaintiff's counsel did not raise any objection.

The AAA's director of operations informed the parties it lacked jurisdiction to consider a request to remove the arbitrator because the matter had been closed. The director further advised plaintiff's counsel the AAA had no authority to vacate an arbitrator's award.

In early June 2023, plaintiff moved to reinstate her complaint, enforce subpoenas, remove the arbitrator, and vacate the Final Award pursuant to N.J.S.A. 2A:24-8. In response, defendant argued the complaint was "highly inappropriate and procedurally improper," noting it had been dismissed with prejudice in October 2021. Defendant asserted N.J.S.A. 2A:24-8 applies only to arbitrations arising from collective bargaining or collective negotiation agreements, and the proper mechanism to vacate an arbitration award in this case was under N.J.S.A. 2A:23B-23, as a summary action pursuant to Rule 4:67-1. Additionally, plaintiff failed to comply with the procedural requirements of Rule 4:67-1 by not filing a verified complaint with a

supporting certification. She also improperly added the finance director as a party, despite his dismissal from the case in 2020.

On June 16, 2023, plaintiff filed a verified complaint, asserting violations of the NJLAD and common law claims. The factual allegations were nearly identical to those previously arbitrated, with additional allegations based on information learned during the arbitration.

Pursuant to N.J.S.A. 2A:24-8, plaintiff also sought to: vacate the arbitration award on the grounds of a conflict of interest, enforce subpoenas, and remove the arbitrator. The alleged conflict arose from the arbitrator's prior employment with Chilton. Plaintiff further claimed the failure to disclose this employment "smack[ed] of fraud, dishonesty and retaliation" because the Final Award was "diametrically opposed to the record." Defendant moved to dismiss the complaint under Rule 4:6-2(e) for failure to state a cognizable claim.

On November 22, 2024, the court dismissed plaintiff's complaint with prejudice. Citing relevant case law, the court determined the complaint was barred by collateral estoppel, the entire controversy doctrine, and res judicata. It further found the complaint was procedurally improper because plaintiff

A-1993-24

relied on materials outside of the pleadings and failed to follow the AAA procedures for challenging the arbitration and the Final Award.

## II.

Plaintiff argues the court should have vacated the Final Award because the arbitrator did not disclose his long-term employment relationship with Chilton, who was previously sued by her counsel, which would have led her to object to his appointment. She also contends actual evidence of bias is not required to remove the arbitrator. We are not persuaded.

We review orders granting a motion to dismiss for failure to state a claim under Rule 4:6-2(e) de novo. Pace v. Hamilton Cove, 258 N.J. 82, 95-96 (2024). In doing so, we "examine 'the legal sufficiency of the facts alleged on the face of the complaint,' giving the plaintiff the benefit of 'every reasonable inference of fact.'" Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021) (quoting Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 107 (2019)). "[W]e must search the complaint 'thoroughly and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary.'" Robey v. SPARC Grp. LLC, 256 N.J.

9

541, 554 (2024) (quoting <u>Baskin</u>, 246 N.J. at 171) (internal quotation marks omitted).

We briefly summarize the statutory framework governing this appeal, beginning with the New Jersey Arbitration Act (the Act), N.J.S.A. 2A:23B-1 to -36, which governs agreements to arbitrate.  The Act expresses a general policy favoring arbitration "as a means of settling disputes that otherwise would be litigated in a court."  <u>Badiali v. N.J. Mfrs. Ins. Grp.</u>, 220 N.J. 544, 556 (2015).  "Arbitration can attain its goal of providing final, speedy and inexpensive settlement of disputes only if judicial interference with the process is minimized; it is, after all, 'meant to be a substitute for and not a springboard for litigation.'"  <u>Barcon Assocs., Inc. v. Tri-Cnty. Asphalt Corp.</u>, 86 N.J. 179, 187 (1981) (quoting <u>Korshalla v. Liberty Mut. Ins. Co.</u>, 154 N.J. Super. 235, 240 (Law Div. 1977)).  Accordingly, "[a]rbitration should spell litigation's conclusion, rather than its beginning."  <u>Borough of E. Rutherford v. E. Rutherford PBA Loc. 275</u>, 213 N.J. 190, 201 (2013) (quoting <u>N.J. Tpk. Auth. v. Loc. 196, I.F.P.T.E.</u>, 190 N.J. 283, 292 (2007)).

Thus, we "review the trial court's decision on a motion to vacate an arbitration award de novo."  <u>Yarborough v. State Operated Sch. Dist. of Newark</u>, 455 N.J. Super. 136, 139 (App. Div. 2018).  "Private sector arbitration

A-1993-24

awards are . . . subjected to an extraordinarily deferential standard of review." Rappaport v. Pasternak, 260 N.J. 230, 250 (2025).

The Act permits a summary action to vacate an arbitration award. N.J.S.A. 2A:23B-23. Such an action may be commenced by filing a verified complaint and an order to show cause (OTSC), in accordance with Rule 4:67-1(a). R. 4:67-2(a). In this case, plaintiff did not file an OTSC with her verified complaint. The court correctly noted plaintiff's "failure to file a challenge as prescribed by the rules of court defeats the claim that [she] would have objected to the disclosure had a disclosure been made about [the arbitrator]." We reach the same conclusion: plaintiff's challenge to the Final Award is procedurally improper.

We likewise conclude plaintiff waived any objection to the arbitrator's appointment. The arbitrator disclosed his prior employment in December 2022, before the record closed and the Final Award was issued. Instead of raising a timely objection to the arbitrator's appointment, plaintiff's counsel waited until after the issuance of the award—mistakenly believing the arbitration was "overwhelmingly" in his client's favor, and he would have breached his duty of care if he had objected. Even assuming the arbitrator's statement constituted full disclosure of a potential conflict, plaintiff failed to

A-1993-24

timely object in writing and did not object on the record. Under both the AAA Rule 36 and N.J.S.A. 2A:23B-11, plaintiff waived the right to object to the arbitrator's appointment. Accordingly, we discern no error by the trial court in granting defendant's motion dismissing plaintiff's complaint.

For completeness, we address plaintiff's argument, under N.J.S.A. 2A:24-8, the Final Award should be vacated because the arbitrator did not disclose his long-term employment with Chilton, raising concerns of corruption, fraud, undue means, partiality, and prejudicial conduct. In support, she cites Del Piano v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 372 N.J. Super. 503, 516 (App. Div. 2004), asserting arbitrators have a duty to reasonably inquire and disclose any facts that might affect their impartiality. Plaintiff also relies on Barcon, 86 N.J. at 213, contending because the arbitrator's prior employment relationship was not disclosed at the outset, a reviewing court may vacate the award if it finds the undisclosed fact would have led a reasonable person to object to the arbitrator's appointment. However, she misapprehends the applicable law.

The Act provides limited circumstances under which courts may vacate, modify, or correct arbitration awards. See Tretina Printing, Inc. v. Fitzpatrick & Assocs., Inc., 135 N.J. 349, 358 (1994). The two circumstances relevant to

12

this matter include: (1) "the award was procured by corruption, fraud, or other undue means"; and (2) the arbitrator was partial or corrupt, or committed misconduct thereby prejudicing the parties' rights. N.J.S.A. 2A:23B-23(a). "[B]ecause of the strong judicial presumption in favor of the validity of an arbitral award, the party seeking to vacate it bears a heavy burden." Del Piano, 372 N.J. Super. at 510.

Guided by these principles, we reject plaintiff's contention the court should have vacated the Final Award because the arbitrator's prior employment constituted a conflict of interest, which should have been disclosed prior to arbitration. The core of plaintiff's argument is that the arbitrator's previous long-term employment with Chilton constituted a conflict of interest. Although arbitrators, like judges, must remain unbiased and avoid the appearance of partiality, their conflict-of-interest standards are governed by separate statutory disclosure requirements rather than the Code of Judicial Conduct. To safeguard the impartiality of arbitrations, N.J.S.A. 2A:23B-12(a) requires

> [b]efore accepting appointment, an individual who is requested to serve as an arbitrator, after making a reasonable inquiry, shall disclose to all parties to the agreement to arbitrate and arbitration proceeding and to any other arbitrators any known facts that a reasonable person would consider likely to affect the

13

impartiality of the arbitrator in the arbitration proceeding, including:

(1) a financial or personal interest in the outcome of the arbitration proceeding; and

(2) an existing or past relationship with any of the parties to the agreement to arbitrate or the arbitration proceeding, their counsel or representatives, a witness, or other arbitrators.

Arbitrators have a continuing obligation to disclose any such facts learned after accepting the appointment.  N.J.S.A. 2A:23B-12(b).

Here, no prior relationship existed between the parties:  defendant is an independent, state-owned public academic hospital,[5] while Chilton is not.  Nor does the record show there was any professional contact or relationship between the arbitrator and plaintiff's counsel.  Although litigation between Chilton and plaintiff's counsel's former client began nearly twenty-two years ago, during the final three years of the arbitrator's tenure as corporate counsel for Chilton, plaintiff's counsel has not shown the arbitrator was involved in that litigation.

---

[5]      Mission, Vision and Values, Univ. Hosp. Newark, NJ, https://www.uhnj.org/about-us/credo-mission-values (last visited July 28, 2026).

A-1993-24

N.J.S.A. 2A:23B-12(a) requires more than the arbitrator's prior role as corporate counsel; a mere reference to his former position, without additional evidence, is insufficient. This statute, like Rule 1:12-1 governing judicial recusal, applies only when the prior relationship creates a reasonable question as to the arbitrator's impartiality or demonstrates actual prejudice. Ibid.; see State v. Presley, 436 N.J. Super. 440, 456 (App. Div. 2014). We do not interpret N.J.S.A. 2A:23B-12(a) as requiring recusal whenever an arbitrator has had any prior relationship with a former employer, who is not a party to the current litigation. Rather, recusal is required only where the prior relationship would lead a reasonable, fully informed observer to question the arbitrator's impartiality. Therefore, we hold a party-appointed arbitrator has no duty to disclose prior employment of over twenty years as corporate counsel for a former client, not a party to the litigation, nor a prior professional relationship with a plaintiff's counsel during a limited portion of that time, because such remote relationships do not constitute a conflict of interest.

Finally, we reject plaintiff's claims of fraud, corruption, undue means, partiality, and prejudicial conduct by the arbitrator. Disagreeing with the Final Award, plaintiff merely repeats the standard grounds for vacatur and seeks to relitigate claims that were fully adjudicated during arbitration. In doing so,

15

she assails the arbitrator's impartiality and challenges his comprehensive written decision. However, our review of the record confirms plaintiff has not established any of her allegations by a preponderance of the evidence sufficient to call into question the arbitrator's findings of fact and conclusions of law. Barcon, 86 N.J. at 191. Accordingly, there is no basis to reverse the dismissal of plaintiff's complaint, vacate the Final Award, or remove the arbitrator.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hurley

Clerk of the Appellate Division

A-1993-24